UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------

UNITED STATES OF AMERICA,

                Plaintiff

      -v-                                  5:19-CV-1130

LAURIE M. CARTER; MIDLAND FUNDING
LLC, doing business as MIDLAND FUNDING
OF DELAWARE LLC; UNIFUND CCR LLC;
NIAGARA MOHAWK POWER CORPORATION;
JOHN DOE; MARY ROE; and XYZ
CORPORATION,

                Defendants.

-------------------------------------

APPEARANCES:                               OF COUNSEL:

PINCUS LAW GROUP, PLLC NASSAU OFFICE     NICOLE B. LaBLETTA, ESQ.
Attorneys for Plaintiff                          CYNTHIA MALONE, ESQ.
425 RXR Plaza
Uniondale, New York 11556

DAVID N. HURD
United States District Judge

## **MEMORANDUM–DECISION and ORDER**

On February 13, 2008, defendant Laurie M. Carter ("Carter" or "the individual defendant") took out a $142,730.00 loan from plaintiff the United States of America ("the government"). Dkt. 1 ("Comp."), ¶ 2. The loan was to be paid monthly, with an interest rate of 5.6250%, and was secured by a mortgage on real property located at 18414 County Route 69 in Jefferson County, New York ("18414 County Route 69"). *Id.* ¶¶ 2,4. For a time this arrangement went smoothly, but on June 1, 2018, the individual defendant's monthly payments ceased. *Id.* ¶ 7.

As a result, the government brought this foreclosure action on September 12, 2019, against the individual defendant, Midland Funding LLC, Unifund CCR LLC, and Niagara Mohawk Power Corporation.[1] *See generally* Comp. The government attained jurisdiction before this Court under 28 U.S.C. § 1345 ("§ 1345"), because the government is a party. No defendant responded to the complaint, and so the government requested an entry of default on December 3, 2019. Dkt. 6. That request was granted on December 4, 2019. Dkt. 7. On January 17, 2020, the government moved for default judgment under Federal Rule of Civil Procedure ("Rule") 55. Because defendants have failed to respond to that motion or otherwise appear, the motion will be considered on the government's submissions without oral argument.

Under Rule 55, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action. FED. R. CIV. P. 55; *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). A party moving for default judgment must first attain an Entry of Default from the Clerk of the Court. FED. R. CIV. P. 55(a). Once default has been established as proper, the party moving for default is "entitled to all reasonable inferences from the evidence offered." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, a district court still must determine whether the allegations establish liability as a matter of law. *Id.*

For the government to establish liability for a mortgage foreclosure in a proceeding under § 1345, it must prove three elements. *See United States v. Barton*, 2006 WL 842922,

---

[1] The government also named in the complaint John Doe, Mary Roe, and XYZ corporation. *See generally* Comp. These entities are fictitious placeholders intended to designate "tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof." *Id.* ¶ 17. The government, in moving for default judgment, has stipulated to the dismissal of these potential defendants, and thus they are hereby dismissed. Dkt. 8, p. 2; *see, e.g.*, *Eastern Sav. Bank, FSB v. Beach*, 2014 WL 923151, at *1, 15 (E.D.N.Y. Mar. 10, 2014) (adopting report and recommendation granting in foreclosure action plaintiff's motion to amend caption to remove fictitious names because plaintiff determined that no potential unnamed defendants in fact existed).

2

at *1-2 (E.D.N.Y. Mar. 28, 2006) (granting summary judgment for the government in a mortgage foreclosure proceeding with § 1345 jurisdiction). First, it must establish the existence of a promissory note and mortgage held by the government. *Id.* at 2. Second, it must prove the defendant's default on the loan secured by the note and mortgage. *Id.* Third, in the event that ownership of the property has changed hands, the government must prove that a defendant's deed was taken subject to the mortgage. *Id.*

The government has properly attained an entry for default and moved for default judgment. Dkt. 7; 8. Additionally, the government has properly alleged each of the requisite facts in its complaint. It has alleged that it held a promissory note against Carter, and a mortgage on 18414 County Route 69. Comp. ¶¶ 3-4, 6; *see id.* pp. 7-9.[2] It has also alleged the individual defendant's default on the loan. Comp. ¶ 7. As to the remaining defendants, the government has alleged that any interest they may have on the mortgaged premises was accrued subsequently to the government's own. *Id.* ¶ 12. Thus, default judgment—and by extension foreclosure on 18414 County Route 69—is appropriate, and the government's motion must be granted.

The government has also moved for attorney's fees and costs. The mortgage and promissory note expressly provide that default on the mortgage entitles the holder of the mortgage to "be paid back . . . for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees." Comp. 8. Courts in this Circuit have granted costs and attorney's fees to prevailing plaintiffs on the basis of this language alone. *Eastern Sav. Bank, FSB v. Beach*, 2014 WL 923151, at *1, 12 (E.D.N.Y. Mar. 10, 2014) (adopting report and recommendation granting costs and attorney's fees for nearly identical passage). Thus, the

---

[2] Pagination corresponds with CM/ECF.

government is entitled to all attorney's fees and costs for which it has made a proper showing.

Regarding costs, a plaintiff may only recover identifiable, out-of-pocket disbursements relating to filing fees, process servers, postage, and photocopying. *See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *12 (E.D.N.Y. Jan. 3, 2019). For costs, the government requests $1,505.00. Dkt. 8, p. 9. Those costs would reimburse: (1) $350 for the costs of the title to 18414 County Route 69; (2) $1,095.00 for service of process; and (3) $60.00 for the clerk's filing fee. *Id.* Those costs are appropriate, and thus the government may recover them.

As for the government's request for attorney's fees, "[b]oth [the Second Circuit] and the Supreme Court have held that . . . the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The resulting product "should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

Naturally, this calculation depends on the hourly rates employed in the district in which the reviewing court sits. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Courts in this district have recently determined hourly rates of: between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals, to be reasonable. *Deferio v. City of Syracuse*, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018).

Once the typical hourly rate is established, the court should "bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill level required by the case; (4) the preclusion of employment with other clients due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the extent of involvement in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989)).

Ultimately, a fee is presumptively reasonable if it is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons*, 575 F.3d at 174 (internal citations and quotation marks omitted).

The government has requested fees in the amount of $3,875.00. Dkt. 8, p. 11. That number may very well be reasonable; however, the government's submissions do not provide the requisite information to make that determination as a certainty. The government's counsel requested fees based on flat rates that accrued only once it reached certain milestones in this case, including: (1) $1,155.00 for the complaint; (2) $1,155.00 for the judgment; (3) $1,190.00 for the deed; (4) $125.00 for the preparation of the ninety-day notice; and (5) $250.00 for the preparation of the entry of default. *Id.* The request does not, however, provide any contemporaneous time records for this Court to conduct the requisite

analysis of multiplying a reasonable hourly fee by the number of hours worked. *Millea*, 658 F.3d at 166.

This is no small matter. After all, the Second Circuit has held that "absent unusual circumstances[,] attorneys are required to submit contemporaneous [time] records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). The unusual circumstances exception is "minimal and limited in scope" such that attorneys may deviate from the contemporaneous records requirement "only in the rarest of cases." *Id.* The government has not submitted any evidence that would render this case so rare, and thus the government's request for attorney's fees must be denied.

Therefore, it is

ORDERED that

1. The government's Rule 55 motion for default judgment is GRANTED;

2. The government's motion for costs is GRANTED;

3. The government's motion for attorney's fees is DENIED; and

4. The government is directed to submit a proposed judgment not inconsistent with this opinion no later than Wednesday, February 26, 2020.

IT IS SO ORDERED.

Dated: February 19, 2020
Utica, New York.

David N. Hurd
U.S. District Judge