IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,  Civil No.: 5:19-cv-01130

                      Plaintiff

-v-

Laurie M. Carter
18414 County Road 69
Adams, NY 13605

Midland Funding LLC d/b/a in New York as
Midland Funding of Delaware LLC
8875 Aero Drive
Ste 200
San Diego, CA 92123

Unifund CCR LLC
10625 Techwoods Circle
Cincinnati, OH 45242

Niagara Mohawk Power Corporation
300 Erie Boulevard West
Syracuse, NY 13202
_____

## JUDGMENT OF FORECLOSURE AND SALE

      On the original Summons and Complaint and Notice of Pendency of this action, all filed in the office of the Clerk of this Court, and upon due proof of service upon each of the Defendants in this action, and upon the Affirmation of Cynthia Malone, by all of which it appears to the satisfaction of this Court that the Plaintiff is in all respects entitled to a default judgment pursuant

to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, now upon the motion of the United States, it is

ORDERED, ADJUDGED AND DECREED, as follows:

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 18414 County Route 69, Adams, NY 13605, located in Jefferson County, New York, a parcel of land improved with a single-family home, to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

That the sale be conducted at public auction at the Supreme Courthouse for the County of Jefferson, 317 Washington St, Watertown, NY 13601 or at another such suitable location, by and under the direction of David McNulty, United States Marshal for the Northern District of New York, who is hereby directed to make the sale of said premises.

The United States Marshal shall give public notice of the time and place of sale as follows:

That the United States Marshal cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Laurie M. Carter
18414 County Road 69
Adams, NY 13605

Midland Funding LLC d/b/a in New York as
Midland Funding of Delaware LLC
8875 Aero Drive
Ste 200
San Diego, CA 92123

Unifund CCR LLC
10625 Techwoods Circle
Cincinnati, OH 45242

Niagara Mohawk Power Corporation
300 Erie Boulevard West
Syracuse, NY 13202

That the United States Marshal shall post copies of the Notice of Sale in three (3) conspicuous public places in Jefferson County, New York where the premises are located;

That the United States Marshal cause the Notice to be published once weekly for four consecutive weeks in the Watertown Daily Times and the Thousand Island Sun, newspapers of general circulation published in Jefferson County, where the mortgaged premises are located. The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 18414 County Route 69 located in Jefferson County, New York.

The Plaintiff or any other party to this action may become a purchaser on such sale.

The United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, United States Marshal's fees and commissions on the said sale not exceeding, however, the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $1,505.00, hereby adjudged to constitute Plaintiff's costs in this action, with interest thereon from the date hereof, and also the sum of $173,101.59, with interest thereon from Nov. 26, 2019, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

THAT in case the Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to an acquired by the Plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshall shall not require the Plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the Plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the United States Marshal, upon delivery to it of said United States Marshal's deed, the amount of said surplus; and that the United States Marshal then shall make the payments as herein directed.

That the United States Marshal take the receipt of the Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the United States Marshal make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the United States Marshal specify the amount of such deficiency in the U.S. Marshal's Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and that it is still further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

The description of the said premises is attached hereto as Schedule A, as previously stated herein

IT IS SO ORDERED

DATED:  March 3, 2020

David N. Hurd
U.S. District Judge

SCHEDULE "A" - page 1.

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Adams, County of Jefferson and State of New York, known and designated as Lot 2 on survey completed by GYMO on April 18, 2006 and titled: "SUBDIVISION PLAT OF PARCELS "1-5" OF THE LAND OF SUNSET BLUFF PINES, INC., County Route 69 (Lowville Road).

Subdivision survey map filed in the Jefferson County Clerk's Office on December 6, 2006 as Map No. 4070, Plat Cab 6F, Slide 780 F.

Being and intending to describe and convey a PART of lands conveyed from Frederick Phinney, Jr. to Sunset Bluff Pines, Inc. by deed recorded in March 3, 2000 in Liber 1722 page 212.

THE ABOVE PROPERTY IS MORE ACCURATELY DESCRIBED BY A NEW SURVEY DESCRIPTION BELOW:

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Adams, County of Jefferson, State of New York and being further described as follows:

BEGINNING at a point in the centerline of County Route 69 (Lowville Road), said point being the most northwesterly corner of the parcel of land conveyed by Sunset Bluff Pines, Inc. to Ronald Elmer and Tera J. Elmer by deed recorded in the Jefferson County Clerk's Office in Instrument Number 2007-10620 on June 21, 2007;

THENCE S.02°–06'–12" W., passing through ½" iron pipes with caps set at 25.58 feet, 236.07 feet, 442.01 feet, 907.19 feet respectively and continuing a total distance of 1037.16 feet to a point in the centerline of Sandy Creek;

THENCE In a generally southwesterly direction along the centerline of Sandy Creek a distance of 274.6 feet± to a point in the centerline of Sandy Creek, said point being situate a direct tie of S.63°–53'–15" W., 272.28 feet from the previously mentioned point;

THENCE N.04°–29'–11" E., passing through ½" iron pipes with caps set at 160.27 feet, 672.45 feet, 880.69 feet, 1090.45 feet respectively and continuing a total distance of 1116.34 feet to a point in the centerline of County Route 69 (Lowville Road);

THENCE N.77°–28'–12" E., along the centerline of County Route 69 (Lowville Road) a distance of 200.00 feet to the POINT of BEGINNING.

CONTAINING 5.17 acres of land more or less.

EXCEPTING AND RESERVING the rights of the public in County Route 69 (Lowville Road).

SUBJECT to any rights or restrictions that may exist in regard to an easement granted by Sterling L. And Kathy F. LaLone to Niagara Mohawk Power Corporation, said easement was recorded in Jefferson County Clerk's Office in Liber 919 at Page 539 on November 18, 1981.

SCHEDULE "A" - page 2.

ALSO SUBJECT to all of the rights and restrictions that exist in regard to a Perpetual Right-of-Way and Easement granted by Clayton R. And Susanna M. Widrick to The General Telephone Company of Upstate New York, Inc. by deed recorded in the Jefferson County Clerk's Office in Liber 768 at Page 173 on June 7, 1965.

ALSO SUBJECT to all of the rights and restrictions that exist in regard to a Perpetual Right-of-Way and Easement granted by Clayton R. And Susanna M. Widrick to The General Telephone Company of Upstate New York, Inc. by deed recorded in the Jefferson County Clerk's Office in Liber 827 at Page 622 on March 22, 1971.

SUBJECT to any other rights or restrictions of record.

IT BEING the intent to describe Lot 2, a portion of the parcel of land conveyed by Fred Phinney, Jr. to Sunset Bluff Pines, Inc. by deed recorded in the Jefferson County Clerk's Office in Liber 1722 at Page 212 on March 03, 2000, as shown on a map titled "Survey Map - Lot 2 the Land of – Sunset Bluff Pines, Inc., County Route 69 (Lowville Road), Town of Adams, County of Jefferson, State of New York," dated January 31, 2008, prepared by GYMO, Architecture, Engineering & Land Surveying, P.C., Watertown, New York, said Lot 2 also being previously shown on a map titled "Subdivision Plat of Parcels "1-5" of the land of – Sunset Bluff Pines, Inc. County Route 69 (Lowville Road), Town of Adams, County of Jefferson, State of New York", dated April 18, 2006 last revised September 11, 2006, prepared by GYMO, Architecture, Engineering & Land Surveying, P.C., Watertown, New York, recorded in the Jefferson County Clerk's Office on December 6, 2006 as map No. 4070, Plat Cab. 6F, Slide 780 F.

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.